# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Steven Aboulafia, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-02001-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| Mortgage Electronic Registration Systems, ) | |
| Inc.; ReconTrust Company; Nevada Legal ) | |
| News, Inc.; Countrywide Bank, FSB; Bank of ) | |
| America; BAC Home Loans Servicing LP; ) | |
| Bank of New York Mellon; and DOES I ) | |
| through X, and ROE CORPORATIONS I ) | |
| through X, inclusive, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Plaintiff Steven Aboulafia's Motion for Preliminary Injunction (ECF No. 1), which was submitted to the Court upon removal from state court by Defendants ReconTrust Company ("ReconTrust"), Mortgage Electronic Registration Systems, Inc. ("MERS"), BAC Home Loans Servicing, LP ("BAC Home Loans"), Bank of America, Bank of New York Mellon ("BNY Mellon"), and Countrywide Bank, FSB ("Countrywide") (collectively, "Removing Defendants"). Removing Defendants have filed a Response (ECF No. 6) and Plaintiff has filed a Reply (ECF No. 7). On November 29, 2012, the Court held a hearing on the motion and orally denied it. This written order serves to memorialize the Court's oral order at the hearing.

## I. BACKGROUND

Upon removal from state court, the Court ordered an extension of the TRO issued by the state court on November 15, 2012, and set a hearing for November 29, 2012. (*See* Ex. A to Pet. for Removal, ECF No. 1; Min. Order, ECF No. 4.) The TRO was scheduled to expire on

November 20, 2012, and a hearing had been set in state court for the same day. (*Id.*)  However, since Removing Defendants removed the action to this Court on the afternoon of November 19, 2012, the day before the state court hearing was to occur, the Court extended the TRO until November 29, 2012. (*See* ECF No. 1.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and temporary restraining orders. Fed. R. Civ. P. 65.  A preliminary injunction may be issued if a plaintiff meets his burden to establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## III.    DISCUSSION

Plaintiff has now appeared six times before the District of Nevada for claims arising from foreclosure proceedings initiated against different properties. *See Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00385-KJD-GWF (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 6751 Bison Creek St., Las Vegas, NV, 89148, APN # 176-06-611-011; removed from Eighth Judicial District Court Case No. A-11-643688-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00389-JCM-PAL (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 152 Judy Lane,

Henderson, NV, 89015, APN # 179-17-210-002; removed from Eighth Judicial District Court Case No. A-11-643687-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00390-MMD-CWH (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 544 Albacate St., Henderson, NV, 89015, APN # 179-21-119-076; removed from Eighth Judicial District Court Case No. A-12-654836-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00391-GMN-CWH (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 539 Moses Lake Court, Henderson, Nevada, 89015, APN # 179-28-213-053; removed from Eighth Judicial District Court Case No. A-12-655721-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-01552-JCM-VCF (D. Nev. 2012) (voluntarily dismissed; relating to the property located at 518 Big Lake St., Henderson, NV, 89002, APN #179-28-212-008; removed from Eighth Judicial District Court Case No. A-11-650395-C); *see also* Eighth Judicial District Court of Nevada cases A-11-641482-C; A-11-642262-C; A-11-644796-C; A-11-645191-C; and A-11-648208-C.

In each case, he was represented by the same attorney, James S. Kent, Nevada Bar No. 5034, and the same Defendants were named. *See id.*  In each case, the action was dismissed after Plaintiff failed to oppose the defendants' motion to dismiss, or in one case, voluntarily dismissed the action. *See id.*

Here, the property in question is located at 518 Big Lake St., Henderson, NV, 89002, APN #179-28-212-008, the same property at issue in the one case previously dismissed voluntarily by Plaintiff, at *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-01552-JCM-VCF (D. Nev. 2012).  Plaintiff's six[1] causes of action are: (1) Void Notice of Breach; (2) Wrongful Foreclosure; (3) Fraud/Slander of Title; (4) Chain of Title/Real Party

---

[1] Plaintiff's causes of action appear to be incorrectly enumerated in the Complaint, representing that Plaintiff is claiming ten causes of action instead of the six that are listed.

in Interest; (5) Quiet Title; (6) Injunctive Relief.

In 2006, Plaintiff obtained a loan from Countrywide Bank, N.A., secured by a Deed of Trust on the property, naming ReconTrust Company, N.A. as Trustee, and MERS as beneficiary solely as nominee for the Lender and the Lender's successors and assigns. (Ex. A to Defs.' Opp. to Mot. for Prelim. Inj., ECF No. 6.) The beneficial interest in the Deed of Trust was transferred to "BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing LP" on May 31, 2011, as shown in the Assignment recorded June 1, 2011 by MERS. (*Id*. at Ex. B.) On June 1, 2011, Defendant ReconTrust recorded a Notice of Default as Trustee for the beneficiary, and on the same day, a Certificate from the State of Nevada Foreclosure Mediation Program was issued, authorizing the beneficiary to proceed with the foreclosure process. (*Id*. at Exs. C-D.) Later, on January 26, 2012, the beneficial interest was transferred to BNY Mellon by an Assignment recorded January 30, 2012 by "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP." (*Id.* at Ex. H.) Four Notices of Trustee's Sale were recorded by ReconTrust, on October 1, 2011, January 27, 2012, May 10, 2012 and on August 28, 2012. (*Id.* at Exs. E, G, I.)

**A. Likelihood of Success on the Merits**

As discussed below, the Court finds that Plaintiff has not met his burden to show a likelihood of success on the merits, nor has he shown serious questions going to the merits. Accordingly, the motion will be denied.

*1. Void Notice of Breach*

Plaintiff's first cause of action for "Void Notice of Breach" alleges violation of Nevada Revised Statutes 107.028, which did not exist and was therefore not effective until October 1, 2011. Accordingly, because the challenged Notice of Default was recorded June 1, 2011, this cause of action must fail and has zero likelihood of success on the merits.

If Plaintiff's counsel had performed even the briefest of research on this issue, pursuant

to Federal Rule of Civil Procedure 11's requirement that an attorney perform "an inquiry reasonable under the circumstances," he would have discovered this fact.  However, this oversight is compounded by the incorrect argument in the Reply that the statute became effective "at the latest" as of June 10, 2011, with a citation to the website of the Nevada Legislature for Assembly Bill 273, http://www.leg.state.nv.us/76th2011/Reports/history.cfm?ID=586. (Pl.'s Reply, 6:1n.2, ECF No. 7.)  Had Plaintiff's counsel read the Bill as enrolled and enacted, instead of in draft form, he might have seen that the effective date was changed to October 1, 2011. *See* A.B. 284 §§ 6, 15, amended by A.B. 273 §§ 5.8, 5.95, 2011 Leg., 76th Sess. (Nev. 2011).

Finally, Plaintiff's argument in his Reply that the Notice of Default is nevertheless subject to statutory requirements enacted *after* it was recorded has no legal basis and is therefore unpersuasive to this Court.

*2. Wrongful Foreclosure*

Plaintiff's second cause of action for "Wrongful Foreclosure" also has zero likelihood of success on the merits.  In Nevada, the common law tort of wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).  Plaintiff does not allege that he is current in his mortgage payments, either in his Complaint, or in his motion.  In fact, in his Reply, Plaintiff concedes that "[y]es, he has defaulted on his payments." (Pl.'s Reply, 7:4-5.)

Furthermore, as of the date of the instant Notice of Default, June 1, 2011, Nevada statutes do not require parties such as Defendants initiating foreclosure to first provide proof that they are the holder and owner of the mortgage and note.  Securitization of a loan note does

not bar a party from initiating foreclosure proceedings. *See* Nev. Rev. Stat. § 107.080; *Chavez v. California Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006, at *2 (D. Nev. June 18, 2010) ("NRS 107.080 does not forbid the securitization of a loan.").

Plaintiff argues that section 107.028(6) of the Nevada Revised Statutes also provides a basis for the Court to grant injunctive relief for ReconTrust's alleged violation of the requirements for trustees under section 107.028. (Pl.'s Reply, 5-7, ECF No. 7.) However, this argument is also unavailing as applied to the facts here, for the same reasons discussed by the court in *Kwiatkowski v. Bank of America*, No. 2:12-CV-00489-KJD-CWH, 2012 WL 3871876, at *2 (D. Nev. Sept. 6, 2012).

In his Complaint, Plaintiff grossly misconstrues the Nevada Supreme Court's holding in *Edelstein v. Bank of New York Mellon*, 286 P.3d 249 (Nev. 2012) (en banc), claiming that it "has ruled that a deed of trust could be separated from the note based upon assigning the deed of trust to one party while the note remains with or is transferred to a different party . . ." and that "pursuant to *Edelstein*, a foreclosure cannot take place until the note and deed of trust have been reunited." (Compl., 4:¶¶33-34.) As stated in the first two sentences of the opinion, the *Edelstein* appeal arose out of Nevada's Foreclosure Mediation Program ("FMP"), and addressed the question of whether a party seeking nonjudicial foreclosure of an owner-occupied residence must demonstrate that it is the beneficiary of the deed of trust and current holder of the note, *in order to participate in the FMP and obtain a FMP certificate*. *Edelstein*, 286 P.3d at 252. The Nevada Supreme Court concluded in the affirmative. *Id*.

Since Plaintiff quotes extensively from *Edelstein* in his Reply, Plaintiff's error appears to arise not from an incomplete reading of the opinion, but from an incorrect reading of the Nevada Supreme Court's reasoning when it *rejected* the argument that "the use of MERS irreparably splits the note and the deed of trust, thereby divesting BNY Mellon of ability to foreclose or to modify the loan." *Id.* at 256-257. The Nevada Supreme Court concluded that

"because ReconTrust as trustee possessed the note, BNY Mellon, the beneficiary, was entitled to enforce it." *Id*. at 261.

Here, there is no showing that any defendant has acted in violation of any Nevada foreclosure statutes, and Plaintiff's reliance on *Edelstein* is unavailing.

*3. Fraud/Slander of Title*

Plaintiff's third cause of action for "Fraud/Slander of Title" is premised on Plaintiff's allegations that Defendants violated Nevada's statutory requirements for foreclosure proceedings. As discussed above, the Court finds that this allegation has no merit.

To succeed on a claim for fraud or intentional misrepresentation, a plaintiff must satisfy three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). Furthermore, a claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Finally, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

To succeed on a claim for slander of title, a plaintiff must show that a defendant made (1) false and malicious communications; (2) disparaging to one's title in land; (3) that cause special damages. *Higgins v. Higgens*, 744 P.2d 530, 531 (Nev. 1987) (per curiam).

Here, the Court finds that Plaintiff has not met his burden to show any likelihood of success on the merits for this claim, particularly since Plaintiff hasn't shown that Defendants

made any false representation or communication, the threshold requirement to succeed on a fraud or slander of title claim.

### 4. Chain of Title / Real Party in Interest

Plaintiff's fourth cause of action, styled "Chain of Title / Real Party in Interest," is based on the allegation that "prior to foreclosing upon the residence, the Defendants must show proper chain of title to establish that they in fact are the true holders in due course of the note and deed of trust." (Compl., 6:¶56.) However, as discussed above, there is no statutory requirement or common law requirement that these Defendants must show proper chain of title in order to initiate foreclosure proceedings. Accordingly, the Court finds that Plaintiff has zero likelihood of success on the merits for this cause of action.

### 5. Quiet Title

Plaintiff's fifth cause of action, for "Quiet Title," alleges that "the note in this instance is not owned by the beneficiary," that "the note cannot be reunited with the deed of trust," and that "if there can never be a reunification, the deed of trust is simply an unenforceable lien with no deb [sic] tied to it." (Compl., 6:¶62 – 7:¶64.) Furthermore, Plaintiff alleges that "[s]ince the note cannot be reunified with the deed of trust, the deed of trust, which gained its secured interest in the property by virtue of the note, lost its legal standing as a secured lien against the property." (*Id*. at 7:¶65.)

For a quiet title action, Nevada statutes provide that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996). "Moreover, there is a presumption in favor of the record titleholder." *Id*.

Here, Plaintiff's allegations supporting his claim for quiet title are wholly unsupported in

Nevada statutes or in case law, and their relation to a cause of action for quiet title are not apparent. Therefore, the Court finds that Plaintiff has not shown any likelihood of success on the merits for this cause of action.

*6. Injunctive Relief*

Plaintiff's sixth cause of action for injunctive relief is not a recognized cause of action, and is instead a form of relief that a court may grant where a party has meet its burden. As discussed above, the Court finds that Plaintiff has not met his burden entitling him to injunctive relief.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Preliminary Injunction (ECF No. 1) is **DENIED.**

**DATED** this 29th day of November, 2012.

_____
Gloria M. Navarro
United States District Judge