UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STEVEN ABOULAFIA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:12-cv-02001-GMN-PAL |
| vs. | ) | |
| | ) | **ORDER** |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., *et al*., | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss (ECF No. 9) filed by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company, N.A. ("ReconTrust"), Bank of America, N.A., for itself, as successor by merger to BAC Home Loans Servicing, LP, and as successor in interest to Countrywide Home Loans, Inc. ("Bank of America"), and The Bank of New York Mellon ("BNY Mellon") (collectively, "Defendants"). Plaintiff Steven Aboulafia filed a Response (ECF No. 17) and Defendants filed a Reply (ECF No. 22). Also before the Court is the Motion for Attorneys' Fees (ECF No. 12) filed by Defendants, to which Plaintiff filed a Response (ECF No. 23) and Defendants filed a Reply (ECF No. 25).

**I.      BACKGROUND**

As discussed by the Court in its previous Order (ECF No. 9) denying Plaintiff's request for an injunction, Plaintiff has now appeared six times before the District of Nevada for claims arising from foreclosure proceedings initiated against different properties. *See Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00385-KJD-GWF (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located

at 6751 Bison Creek St., Las Vegas, NV, 89148, APN # 176-06-611-011; removed from Eighth Judicial District Court Case No. A-11-643688-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00389-JCM-PAL (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 152 Judy Lane, Henderson, NV, 89015, APN # 179-17-210-002; removed from Eighth Judicial District Court Case No. A-11-643687-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00390-MMD-CWH (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 544 Albacate St., Henderson, NV, 89015, APN # 179-21-119-076; removed from Eighth Judicial District Court Case No. A-12-654836-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00391-GMN-CWH (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 539 Moses Lake Court, Henderson, Nevada, 89015, APN # 179-28-213-053; removed from Eighth Judicial District Court Case No. A-12-655721-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-01552-JCM-VCF (D. Nev. 2012) (voluntarily dismissed; relating to the property located at 518 Big Lake St., Henderson, NV, 89002, APN #179-28-212-008; removed from Eighth Judicial District Court Case No. A-11-650395-C); *see also* Eighth Judicial District Court of Nevada cases A-11-641482-C; A-11-642262-C; A-11-644796-C; A-11-645191-C; and A-11-648208-C.

In each case, he was represented by the same attorney, James S. Kent, Nevada Bar No. 5034, and the same Defendants were named. *See id.* In each case, the action was dismissed after Plaintiff failed to oppose the defendants' motion to dismiss, or in one case, voluntarily dismissed the action. *See id.*

Here, the property in question is located at 518 Big Lake St., Henderson, NV, 89002, APN #179-28-212-008, the same property at issue in the one case previously dismissed

voluntarily by Plaintiff, at *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-01552-JCM-VCF (D. Nev. 2012).  Plaintiff's six[1] causes of action are: (1) Void Notice of Breach; (2) Wrongful Foreclosure; (3) Fraud/Slander of Title; (4) Chain of Title/Real Party in Interest; (5) Quiet Title; (6) Injunctive Relief.

In 2006, Plaintiff obtained a loan from Countrywide Bank, N.A., secured by a Deed of Trust on the property, naming ReconTrust Company, N.A. as Trustee, and MERS as beneficiary solely as nominee for the Lender and the Lender's successors and assigns. (Ex. A to Defs.' Opp. to Mot. for Prelim. Inj., ECF No. 6.)  The beneficial interest in the Deed of Trust was transferred to "BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing LP" on May 31, 2011, as shown in the Assignment recorded June 1, 2011 by MERS. (*Id.* at Ex. B.)  On June 1, 2011, Defendant ReconTrust recorded a Notice of Default as Trustee for the beneficiary, and on the same day, a Certificate from the State of Nevada Foreclosure Mediation Program was issued, authorizing the beneficiary to proceed with the foreclosure process. (*Id.* at Exs. C-D.)  Later, on January 26, 2012, the beneficial interest was transferred to BNY Mellon by an Assignment recorded January 30, 2012 by "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP." (*Id.* at Ex. H.)  Four Notices of Trustee's Sale were recorded by ReconTrust, on October 1, 2011, January 27, 2012, May 10, 2012 and on August 28, 2012. (*Id.* at Exs. E, G, I.)

In the Motion to Dismiss (ECF No. 11), Defendants request that Plaintiff's Complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted.  In the Motion for Attorneys' Fees (ECF No.12), Defendants request that the Court award attorneys' fees and costs pursuant to 28 U.S.C. § 1927, arguing that Plaintiff's filing of the action and subsequent motions were conducted in bad faith, as shown by Plaintiff's prior litigation history

---

[1] Plaintiff's causes of action appear to be incorrectly enumerated in the Complaint, representing that Plaintiff is claiming ten causes of action instead of the six that are listed.

and the arguments presented in this action.

## II. DISCUSSION

As discussed below, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted, and should be dismissed with prejudice. Also, the Court finds that attorneys' fees are merited in this case.

### A. Motion to Dismiss

#### 1. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard*

*Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### 2. Analysis

#### a. *Void Notice of Breach*

Plaintiff's first cause of action for "Void Notice of Breach" alleges violation of Nevada Revised Statutes 107.028, which did not exist and was therefore not effective until October 1, 2011.  As discussed in the Court's previous Order (ECF No. 9), Plaintiff's argument that the Notice of Default is nevertheless subject to statutory requirements enacted *after* it was recorded has no legal basis and is therefore unpersuasive to this Court.  Furthermore, Plaintiff provides

no legal or statutory basis for the Court to construe section 107.028 as applying to subsequently recorded foreclosure documents arising from the June 1, 2011, Notice of Default. Accordingly, because the challenged Notice of Default was recorded June 1, 2011, this statute cannot apply and this cause of action must be dismissed with prejudice.

### *b.   Wrongful Foreclosure*

Plaintiff's second cause of action for "Wrongful Foreclosure" must also fail, and Plaintiff's attempts to re-title this cause of action as "Illegal Foreclosure," "Not Allowed Foreclosure" or "Prohibited Foreclosure" (*see* Resp. to Mot. to Dismiss, 5:9-11, ECF No. 17) do not cure the deficiencies identified previously by the Court.

In Nevada, the common law tort of wrongful foreclosure requires a plaintiff to "establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Plaintiff has conceded that he is not current in his payments. (*See* Pl.'s Reply to Mot. for Prelim. Inj., 7:4-5, ECF No. 7.)

Furthermore, as of the date of the instant Notice of Default, June 1, 2011, Nevada statutes do not require parties such as Defendants initiating foreclosure to first provide proof that they are the holder and owner of the mortgage and note. Securitization of a loan note does not bar a party from initiating foreclosure proceedings. *See* Nev. Rev. Stat. § 107.080; *Chavez v. California Reconveyance Co.*, No. 2:10-cv-00325-RLH-LRL, 2010 WL 2545006, at *2 (D. Nev. June 18, 2010) ("NRS 107.080 does not forbid the securitization of a loan."). Plaintiff's citations and arguments to *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011), a Ninth Circuit Court of Appeals decision applying Arizona law, are also unpersuasive as to Nevada law. This argument is particularly unpersuasive where, as here, Nevada statutes and case law provide sufficient and controlling authority on the issues before

the Court. Accordingly, this cause of action must be dismissed with prejudice.

### *c.     Fraud/Slander of Title*

Plaintiff's third cause of action for "Fraud/Slander of Title" is premised on Plaintiff's allegations that Defendants violated Nevada's statutory requirements for foreclosure proceedings. As discussed above, the Court finds that these allegations have no merit.

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege that: (1) a false representation by the defendant was made with either knowledge or belief that it was false or without sufficient foundation; (2) with an intent to induce another's reliance; and (3) that damages resulted from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). Furthermore, a claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Finally, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

To state a claim for slander of title, a plaintiff must allege that a defendant made (1) false and malicious communications; (2) disparaging to one's title in land; (3) that cause special damages. *Higgins v. Higgens*, 744 P.2d 530, 531 (Nev. 1987) (per curiam).

Plaintiff hasn't alleged facts showing that Defendants made any false representation or communication, the threshold requirement to state a claim for fraud or slander of title. In the Response to the Motion to Dismiss, Plaintiff requests leave to amend this cause of action, and argues that the pleading deficiencies can be cured, but does not provide factual details to support this argument, particularly as to any existing but as-yet-unstated facts that might support allegations as to "the time, place, and specific content of the alleged false

representations and the identities of the parties involved." Furthermore, Plaintiff states that "[i]f the factual assertions of lack of authority, as provided within the first two causes of action, are accepted, then the remaining requirements for fraud/slander of title can be met." (Resp. to Mot. to Dismiss, 8:7-9.) As discussed above, the factual assertions provided in the first two causes of action are not sufficient to state a cause of action, and therefore the Court has no grounds to find that Plaintiff may be able to cure the deficiencies in his third cause of action on this basis. Because Plaintiff provides no other support for the argument that facts exist which may satisfy the Rule 9(b) pleading requirements, after Plaintiff's multiple opportunities to do so, it is clear that any amendment would be futile, and therefore the Court cannot find that leave to amend is justified. Accordingly, this cause of action must be dismissed with prejudice.

### d.  *Chain of Title / Real Party in Interest*

Plaintiff's fourth cause of action, styled "Chain of Title / Real Party in Interest," is based on the allegation that "prior to foreclosing upon the residence, the Defendants must show proper chain of title to establish that they in fact are the true holders in due course of the note and deed of trust." (Compl., 6:¶56.) However, as discussed above, there is no statutory requirement or common law requirement that these Defendants must show proper chain of title in order to initiate foreclosure proceedings. In the Response, Plaintiff argues that this cause of action is "substantiate[d] . . . with the same arguments as made within the second cause of action above." (Resp. to Mot. to Dismiss, 8:15-17.) However, for the reasons already stated by the Court, the second cause of action fails, and therefore this cause of action must also be dismissed with prejudice.

### e.  *Quiet Title*

Plaintiff's fifth cause of action, for "Quiet Title," alleges that "the note in this instance is not owned by the beneficiary," that "the note cannot be reunited with the deed of trust," and that "if there can never be a reunification, the deed of trust is simply an unenforceable lien with

no deb [sic] tied to it." (Compl., 6:¶62 – 7:¶64.)  Furthermore, Plaintiff alleges that "[s]ince the note cannot be reunified with the deed of trust, the deed of trust, which gained its secured interest in the property by virtue of the note, lost its legal standing as a secured lien against the property." (*Id*. at 7:¶65.)

In the Response, Plaintiff "accepts the dismissal of his cause of action for Quiet Title." (Resp. to Mot. to Dismiss, 8:26-27.)  Accordingly, and for the reasons discussed in the Court's previous Order (ECF No. 9)[2], this cause of action is dismissed with prejudice.

### f.   Injunctive Relief

Plaintiff's sixth cause of action for injunctive relief is not a recognized cause of action, and is instead a form of relief that a court may grant where a party has met its burden.  Also, Plaintiff "concede[s] the dismissal of this cause of action." (Resp. to Mot. to Dismiss, 9:2.)  Accordingly, this claim is dismissed with prejudice.

### B.   Motion for Attorneys' Fees

#### 1.   Legal Standard

By statute, a court may impose liability on a party "admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously" that "excess costs, expenses, and attorneys' fees" were "reasonably incurred because of such conduct." 28 U.S.C. § 1927.  "Recklessness or bad faith is required to support a fee award under § 1927." *Cline v. Ind. Maint. Eng. & Contracting Co.*, 200 F.3d 1223, 1236 (9th Cir. 2000) (citing *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983)).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas v. Winkler*, 792

---

[2] For a quiet title action, Nevada statutes provide that "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  "Moreover, there is a presumption in favor of the record titleholder." *Id.*


F.2d 858, 860 (9th Cir. 1986).

### 2. Analysis

Pursuant to 28 U.S.C. § 1927, Defendants request that "the Court order plaintiff's counsel to pay defendants' attorneys' fees and costs in an amount to be proven after the hearing on this matter." (Mot. Attorneys' Fees, 7:4-5, ECF No. 12.)  The Court agrees with Defendants that Plaintiff's claims in the Complaint and in his subsequent motions and arguments, when considered with Plaintiff's previously abandoned litigation in *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-01552-JCM-VCF (D. Nev. 2012) on apparently the same issues, supports a finding that at the very least, Plaintiff's arguments were brought recklessly, and possibly for the purpose of harassing an opponent.  As discussed by the Court in this Order, its previous Order (ECF No. 9), and at the hearing, Plaintiff's prior experience in virtually identical litigation for his other properties[3] and the existence of contradictory statutory language and case law directly on point, is enough to support a finding that Plaintiff's conduct in this action was in bad faith.  Accordingly, having considered Plaintiff's arguments in the Response (ECF No. 17) and finding them unpersuasive, and for the reasons discussed here, in the Court's previous Order (ECF No. 9), at the hearing, and in Defendants' briefs, the Court

---

[3] *See Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00385-KJD-GWF (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 6751 Bison Creek St., Las Vegas, NV, 89148, APN # 176-06-611-011; removed from Eighth Judicial District Court Case No. A-11-643688-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00389-JCM-PAL (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 152 Judy Lane, Henderson, NV, 89015, APN # 179-17-210-002; removed from Eighth Judicial District Court Case No. A-11-643687-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00390-MMD-CWH (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 544 Albacate St., Henderson, NV, 89015, APN # 179-21-119-076; removed from Eighth Judicial District Court Case No. A-12-654836-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00391-GMN-CWH (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 539 Moses Lake Court, Henderson, Nevada, 89015, APN # 179-28-213-053; removed from Eighth Judicial District Court Case No. A-12-655721-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-01552-JCM-VCF (D. Nev. 2012) (voluntarily dismissed; relating to the property located at 518 Big Lake St., Henderson, NV, 89002, APN #179-28-212-008; removed from Eighth Judicial District Court Case No. A-11-650395-C); *see also* Eighth Judicial District Court of Nevada cases A-11-641482-C; A-11-642262-C; A-11-644796-C; A-11-645191-C; and A-11-648208-C.

finds that an award of attorneys' fees and costs is appropriate in an amount sufficient to deter future bad faith conduct. The Court will grant Defendants' Motion for Attorneys' Fees (ECF No. 12) pursuant to 28 U.S.C. § 1927, and directs Defendants to submit briefing as to the appropriate amount that should be awarded, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Rule II.54-16(b) of the Local Rules of Civil Practice for the United States District Court for the District of Nevada. If Plaintiff wishes to oppose the amounts requested by Defendants, Plaintiff must submit an opposition in writing within fourteen days of Defendants' brief, consistent with the requirements of the Federal Rules of Civil Procedure and Local Rule II.54-16(e). No reply brief is necessary on the part of Defendants, and the Court will consider the request submitted on the briefs, unless the Court later determines that oral argument is necessary.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 11) is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the Motion for Attorneys' Fees (ECF No. 12) is **GRANTED**. Defendants shall submit briefing as to the appropriate amount that should be awarded, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Rule II.54-16(b) of the Local Rules of Civil Practice for the United States District Court for the District of Nevada.

**DATED** this 8th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge