# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Steven Aboulafia, | ) |
| | ) |
| Plaintiff, | ) Case No.: 2:12-cv-02001-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| Mortgage Electronic Registration Systems, | ) |
| Inc., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Pending before the Court is the Motion for Attorney Fees (ECF No. 30) filed by Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), ReconTrust Company, N.A. ("ReconTrust"), The Bank of New York Mellon ("BNY Mellon"), and Bank of America, N.A., for itself, as successor by merger to BAC Home Loans Servicing, LP, and as successor in interest to Countrywide Home Loans, Inc. ("Bank of America") (collectively, "Defendants"). Plaintiff Steven Aboulafia filed a Response (ECF No. 31) and Defendants filed a Reply (ECF No. 33).

Also before the Court is the Motion to Alter or Amend Judgment (ECF No. 32) filed by Plaintiff, to which Defendants filed a Response (ECF No. 34) and Plaintiff filed a Reply (ECF No. 35).

## I. BACKGROUND

In June 2008, the Court dismissed Plaintiff's Complaint with prejudice, granting Defendants' Motion to Dismiss (ECF No. 11) and Motion for Attorneys' Fees (ECF No. 12), and ordering the parties to submit further briefing as to the appropriate award amount. (Order, June 8, 2013, ECF No. 28.)

As discussed by the Court previously, Plaintiff has appeared six times before the District

of Nevada for claims arising from foreclosure proceedings initiated against different properties. *See Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00385-KJD-GWF (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 6751 Bison Creek St., Las Vegas, NV, 89148, APN # 176-06-611-011; removed from Eighth Judicial District Court Case No. A-11-643688-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00389-JCM-PAL (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 152 Judy Lane, Henderson, NV, 89015, APN # 179-17-210-002; removed from Eighth Judicial District Court Case No. A-11-643687-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00390-MMD-CWH (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 544 Albacate St., Henderson, NV, 89015, APN # 179-21-119-076; removed from Eighth Judicial District Court Case No. A-12-654836-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-00391-GMN-CWH (D. Nev. 2012) (dismissed for failure to oppose defendants' motion to dismiss; relating to the property located at 539 Moses Lake Court, Henderson, Nevada, 89015, APN # 179-28-213-053; removed from Eighth Judicial District Court Case No. A-12-655721-C); *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-01552-JCM-VCF (D. Nev. 2012) (voluntarily dismissed; relating to the property located at 518 Big Lake St., Henderson, NV, 89002, APN #179-28-212-008; removed from Eighth Judicial District Court Case No. A-11-650395-C); *see also* Eighth Judicial District Court of Nevada cases A-11-641482-C; A-11-642262-C; A-11-644796-C; A-11-645191-C; and A-11-648208-C.

In each case, he was represented by the same attorney, James S. Kent, Nevada Bar No. 5034, and the same Defendants were named. *See id.* In each case, the action was dismissed after Plaintiff failed to oppose the defendants' motion to dismiss, or in one case, voluntarily dismissed the action. *See id.*

In the instant action, the property in question is located at 518 Big Lake St., Henderson, NV, 89002, APN #179-28-212-008, the same property at issue in the one case previously dismissed voluntarily by Plaintiff, at *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-cv-01552-JCM-VCF (D. Nev. 2012). Plaintiff's six[1] causes of action are: (1) Void Notice of Breach; (2) Wrongful Foreclosure; (3) Fraud/Slander of Title; (4) Chain of Title/Real Party in Interest; (5) Quiet Title; (6) Injunctive Relief.

In 2006, Plaintiff obtained a loan from Countrywide Bank, N.A., secured by a Deed of Trust on the property, naming ReconTrust Company, N.A. as Trustee, and MERS as beneficiary solely as nominee for the Lender and the Lender's successors and assigns. (Ex. A to Defs.' Opp. to Mot. for Prelim. Inj., ECF No. 6.) The beneficial interest in the Deed of Trust was transferred to "BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing LP" on May 31, 2011, as shown in the Assignment recorded June 1, 2011 by MERS. (*Id.* at Ex. B.) On June 1, 2011, Defendant ReconTrust recorded a Notice of Default as Trustee for the beneficiary, and on the same day, a Certificate from the State of Nevada Foreclosure Mediation Program was issued, authorizing the beneficiary to proceed with the foreclosure process. (*Id.* at Exs. C-D.) Later, on January 26, 2012, the beneficial interest was transferred to BNY Mellon by an Assignment recorded January 30, 2012 by "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP." (*Id.* at Ex. H.) Four Notices of Trustee's Sale were recorded by ReconTrust, on October 1, 2011, January 27, 2012, May 10, 2012 and on August 28, 2012. (*Id.* at Exs. E, G, I.)

**II. DISCUSSION**

In the Motion to Dismiss (ECF No. 11) granted by the Court on June 8, 2013, Defendants requested that Plaintiff's Complaint be dismissed with prejudice for failure to state

---

[1] Plaintiff's causes of action appear to be incorrectly enumerated in the Complaint, representing that Plaintiff is claiming ten causes of action instead of the six that are listed.

a claim upon which relief may be granted.

Defendants also requested that the Court award attorneys' fees and costs pursuant to 28 U.S.C. § 1927, arguing that Plaintiff's filing of the action and subsequent motions were conducted in bad faith, as shown by Plaintiff's prior litigation history and the arguments presented in this action. (ECF No. 12.)  The Court also granted this request, and directed further briefing as to the appropriate amount that should be awarded, pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure and Rule II.54-16(b) of the Local Rules of Civil Practice for the United States District Court for the District of Nevada. (Order, June 8, 2013, ECF No. 28.)

The parties' instant motions were both filed pursuant to or relating to the Court's June 2008 Order.

**A. Motion for Attorney Fees**

In its Order, the Court found that Defendants are entitled to attorney's fees pursuant to 28 U.S.C. § 1927. (Order, June 8, 2013, ECF No. 28.)  With the instant motion, Defendants request an award equivalent to the "$17,144.50 in attorneys' fees and $1,345.74 in costs [incurred] defending this case," not including fees and costs incurred in June of 2013. (Mot. Att'y Fees, 2:19-21, ECF No. 30.)  In support, Defendants attach the Declaration of counsel, to which exhibits are attached itemizing and describing the legal work performed as well as costs incurred. (Bundick Decl., ECF No. 30-1.)

**1. Legal Standard**

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Local Rule II.54-16 provides that when a party is entitled to move for attorney's fees, the motion must include a reasonable itemization and description of the work performed, an

itemization of all costs sought to be charged as part of the fee award and not otherwise taxable, and a brief summary of twelve factors:

 (1) the results obtained and the amount involved;

 (2) the time and labor required;

 (3) the novelty and difficulty of the questions involved;

 (4) the skill requisite to perform the legal service properly;

 (5) the preclusion of other employment by the attorney due to acceptance of the case;

 (6) the customary fee;

 (7) whether the fee is fixed or contingent;

 (8) the time limitations imposed by the client or the circumstances;

 (9) the experience, reputation, and ability of the attorney(s);

 (10) the undesirability of the case, if any;

 (11) the nature and length of the professional relationship with the client; and

 (12) awards in similar cases.

D. Nev. R. II.54-16(b).  Failure to provide the information required constitutes a consent to the denial of the motion. D. Nev. R. II.54-16(d).

**2. Analysis**

 Pursuant to 28 U.S.C. § 1927, the Court found that Plaintiff's conduct in this action was taken in bad faith, and that an award of attorneys' fees and costs is appropriate in an amount sufficient to deter future bad faith conduct. (Order, June 8, 2013, ECF No. 28.)  In reaching this conclusion, the Court considered Plaintiff's prior experience in virtually identical litigation for his other properties and the existence of contradictory statutory language and case law directly on point. (*Id.*)  The Court agreed with Defendants that Plaintiff's claims in the Complaint and in his subsequent motions and arguments, when considered with Plaintiff's previously abandoned litigation in *Aboulafia v. Mortgage Electronic Registration Systems, Inc.*, No. 2:12-

cv-01552-JCM-VCF (D. Nev. 2012) on apparently the same issues, supported a finding that at the very least, Plaintiff's arguments were brought recklessly, and possibly for the purpose of harassing an opponent. (*Id*.)

Here, Defendants show that a total of 63.5 hours were billed by its counsel, and upon consideration of Plaintiff's Response (ECF No. 31), Defendants concede that its request should be reduced by $960.78 because of erroneous attributions in its original motion, including three filing fees and a joint case conference report. (Reply, 2:3-14, ECF No. 33.)  Therefore, Defendants request $17,048.50 in attorneys' fees and $480.96 in costs. (*Id*. at 2:13-14.)

Upon review of the parties' briefs, the Court concludes that Defendants' request should be reduced by an additional $816.00, for items in which multiple attorneys billed for the same task, which the Court will consider only for the amounts submitted by the attorney billed at the highest rate.  This reduction includes the following items:

- $360.00 for 1.50 hours billed by "TSS" on November 29, 2012
- $456.00 for 1.90 hours billed by "NLW" on November 29, 2012

Also, the Court finds that reducing Defendants' request by the amounts itemized but completely redacted is appropriate, totaling $672.00.  These include the following items:

- $168 for 0.7 hours billed by "NLW" on February 19, 2013, and May 15, 2013
- $210.00 for 0.5 hours billed by "JDB" on November 27, 2012
- $168.00 for 0.4 hours billed by "JDB" on February 24, 2013
- $126.00 for 0.30 hours billed by "JDB" on May 25, 2013

With these calculations, the total attorneys' fees are reduced to $15,560.50.

Finally, the Court finds that Plaintiff's arguments are unpersuasive as to the results he has obtained by filing the civil actions discussed by the Court as a basis for its finding of bad faith.  Misuse of court resources and unreasonable and vexatious multiplication of court proceedings may very well result in favorable outcomes for Plaintiff, but such outcomes do not

lend legitimacy to bad faith conduct. Accordingly, the Court will not reduce its award on the basis of this argument.

Accordingly, the Court finds that an award of attorney fees in the amount of $15,560.50 plus $480.96 in costs is reasonable and appropriate to satisfy the excess costs and attorneys' fees expended by Defendants as a result of Plaintiff's bad faith conduct in prosecuting this action.

### B. Motion to Alter or Amend Judgment

Plaintiff requests reconsideration of the Court's June 2008 Order on the basis of newly discovered facts, and argues that the Court should grant Plaintiff leave to amend his claims for wrongful foreclosure and fraud/slander of title instead of dismissing these claims with prejudice. (Mot. Alter, Amend J., ECF No. 32.) Plaintiff also requests reversal of the Court's grant of attorney fees and leave to file an additional cause of action, described as "lack of standing." (*Id*. at 7.)

In support of his claim that "additional facts . . . have recently been discovered," Plaintiff attaches an exhibit described as "the Pooling and Servicing Agreement for the Structured Asset Mortgage Investments II Trust 2006-AR8 Mortgage Pass-Through Certificates Series 2006-AR8, the most recent assignee of the deed of trust," that appears to be excerpts of a copy of a Form 8-K filed with the United States Securities and Exchange Commission ("SEC") in 2006, and retrieved from the SEC website in July 2013. (ECF Nos. 32-1, 32-2.) Plaintiff also describes the publicly recorded transactional history of the property, previously discussed by the Court, as newly discovered facts. (Mot. Alter, Amend J., 4:14-25.)

#### 1. Legal Standard

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order. This rule, governing relief from a judgment or order, provides in part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> 
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**2. Analysis**

First, the Court finds no "newly discovered" evidence or legal authority supporting Plaintiff's request for relief because Plaintiff's supporting exhibits and allegations were all discoverable in the public record prior to June 2013. Second, even if the exhibits and allegations provided by Plaintiff were unavailable prior to the Court's June 2013 Order, which they were not, the Court still finds no basis to grant Plaintiff's request because these exhibits and allegations in no way make Plaintiff's claims more plausible.

Finally, the Court finds no support for Plaintiff's claim that he has "proof that the deed of trust and promissory note have previously been split and the Defendants have not reunited both the deed of trust and note," justifying leave to amend in order to add new causes of action. (*See* Mot. Alter, Amend J., 2:20-22.)

Accordingly, the Court cannot find any reason that justifies the relief requested by Plaintiff, and the motion will be denied.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Attorney Fees (ECF No. 30) is **GRANTED**. Defendants shall be awarded attorney fees in the amount of $15,560.50, and costs in the amount of $480.96.

**IT IS FURTHER ORDERED** that the Motion to Alter, Amend Judgment (ECF No. 32) is **DENIED**.

**DATED** this 29th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court