UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Steven Aboulafia, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-2001-GMN-PAL |
| vs. ) | |
| ) | **ORDER** |
| Mortgage Electronic Registration Systems, ) | |
| Inc., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Defendants' Motion to Expunge. (ECF No. 41). Though the deadline passed on May 11, 2014, Plaintiff Steven Aboulafia has not filed a Response.

This action centers upon wrongful foreclosure, slander of title, and quiet title claims set forth by Plaintiff Steven Aboulafia against: BAC Home Loans Servicing, LP; Bank of America; Bank of New York Mellon; Mortgage Electronic Registration Systems, Inc.; and ReconTrust Company. (Compl., ECF No. 1-2). The Complaint alleges that a foreclosure upon the property located at 518 Big Lake Street, Henderson, Nevada, 89002 (APN # 179-28-212-008) was defective and requests, *inter alia*, that Plaintiff be declared the owner of the property, free and clear of all other interests. (*Id*.). On June 8, 2013, the Court dismissed the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 28). At the same time, the Court found that the Complaint had been filed in bad faith and ordered Plaintiff to pay Defendants' attorneys' fees. (*Id*.). In the instant motion, Defendants request that the *lis pendens* recorded against the disputed property be expunged.

Upon a motion, the Court must dissolve a *lis pendens* if the recording party fails to demonstrate (a) a likelihood of prevailing in the action or (b) a fair chance of success and serious hardship that could result from a transfer of the property. Nev. Rev. Stat. 14.015(3); *see*

1 | *also Levinson v. Eighth Judicial Dist. Court*, 857 P.2d 18, 20-21 (Nev. 1993).

2 |     Here, Plaintiff has failed to file a Response, despite the fact that the deadline expired on
3 | May 11, 2014.  Thus, pursuant to Local Rule 7-2(d), the Court finds that Plaintiff has consented
4 | to the granting of the Motion. *See* D. Nev. R. 7-2(d) ("The failure of an opposing party to file
5 | points and authorities in response to any motion shall constitute a consent to the granting of the
6 | motion."). Moreover, the Court finds that expunction of the *lis pendens* is warranted because
7 | all of Plaintiff's claims have been dismissed with prejudice. *See, e.g.*, *Wensley v. First Nat.*
8 | *Bank of Nevada*, 874 F. Supp. 2d 957, 968 (D. Nev. 2012) (expunging a *lis pendens* after
9 | dismissing a complaint with prejudice).

10 |     Accordingly,

11 |     **IT IS HEREBY ORDERED** that the Motion to Expunge, (ECF No. 41), is
12 | **GRANTED.**

13 |     **IT IS FURTHER ORDERED** that the notice of pendency of action filed and recorded
14 | by or on behalf of Plaintiff Steven Aboulafia upon the real property located at 518 Big Lake
15 | Street, Henderson, Nevada, 89002 (APN # 179-28-212-008) with the Clark County Recorder's
16 | Office as instrument number 201211150001721 is hereby cancelled and expunged.

17 |     **IT IS FURTHER ORDERED** that Plaintiff shall record a copy of this order with the
18 | Clark County Recorder's Office within seven (7) days of its issuance.

19 |     **DATED** this 9th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court